UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

DERRIK A. RIULLANO,                           :

              Petitioner,          :

       -against-                           :

UNITED STATES OF AMERICA,          :

           Respondent.          :
-------------------------------------------------------X

**REPORT and RECOMMENDATION**

04 Civ. 291 (RCC)(KNF)
01 Crim. 1152 (JSM)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD C. CASEY, UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Derrik Riullano ("Riullano") has made a motion, pursuant to 28 U.S.C. § 2255, attacking the sentence imposed on him following a plea of guilty to a single count Information.  Riullano maintains that his constitutional rights were violated in the underlying criminal action because: (1) his plea of guilty was not made voluntarily, but rather, "was unlawfully induced" by his counsel; (2) the prosecution failed to comply with a court order to disclose to him evidence establishing his criminal culpability and the amount of money he obtained through the criminal conduct for which he was convicted; (3) he did not receive effective assistance from his counsel; and (4) he was denied the right to appeal from his conviction.

The respondent opposes Riullano's motion.  It contends that Riullano's claims are procedurally barred and, in any event, lack merit.

## II.  BACKGROUND

In December 2001, Riullano determined to give up his right to be prosecuted upon an

indictment returned by a grand jury, and agreed that the respondent could file an Information against him, with the court, charging violations of Title 18 U.S.C. §§ 666 and 2.  18 U.S.C. § 666 makes it an offense for a person to embezzle, steal, obtain by fraud or otherwise without authority, convert to his own use property valued at $5,000 or more, that is under the care, custody or control of an organization, government or agency, that in a one-year period receives benefits in excess of $10,000 through a federal program of assistance.  18 U.S.C. § 2 makes it an offense for a person to aid or abet another in the commission of a crime.

Riullano pleaded guilty to the Information.  He admitted that, with the aid of his co-defendant wife, he converted to his own use, federal funds that were provided to the city of Newburgh's Municipal Housing Authority through the United States Housing and Urban Development Department's Section 8 housing subsidy program.

At the proceeding during which Riullano tendered his guilty plea, he took an oath to answer truthfully all questions put to him by the magistrate judge who was presiding.  During the proceeding, the magistrate judge asked Riullano a series of questions.  Among others, the magistrate judge asked Riullano whether he had been threatened or coerced to plead guilty or whether anyone had pressured him or had done anything improper to him to induce him to plead guilty.  Riullano responded "no" to those questions.  Riullano was also asked whether he was satisfied with the assistance his attorney had rendered to him.  In response, Riullano advised the magistrate judge that he was satisfied with the assistance his attorney had rendered to him prior to, and including the date of the pleading proceeding.  Based on the colloquy the magistrate judge had with the petitioner, as required by Fed. R. Crim. P. 11(b), he recommended to the district judge assigned to the criminal action that Riullano's guilty plea be accepted; and it was.

On the date the petitioner was sentenced, the district judge, to whom the criminal action was assigned, advised him of his right to appeal from the judgment of conviction, by filing a notice of appeal with the Clerk of Court within ten (10) days of the entry of judgment. Thereafter, Riullano filed a notice of appeal.  However, approximately three months later, he made an application to the Second Circuit Court of Appeals to withdraw his appeal.  In connection with that application, Riullano submitted an affirmation to the appellate court through which he advised that court, under penalty of perjury, that "at the time of my sentencing, I asked my attorney, Kerry Lawrence, to file a notice of appeal to perfect my right to appeal my conviction and sentence.  Since the time that my notice of appeal was filed, I have had an opportunity to discuss this matter more fully with my attorney.  It is now my desire to withdraw my appeal and not pursue any attack on my conviction or sentence further."  Riullano's application to withdraw his appeal was granted.

The petitioner now contends his plea of guilty was not made voluntarily.  Riullano explains that, "prior to seeing any evidence of my guilt, my counsel repeatedly advised me to plead guilty because of the overwhelming amount of evidence that the prosecution had." Riullano recalls that he asked to see the proof of his guilt; he suggests that it was never shown to him.  He also recalls that he was advised by his counsel that "if the prosecution presented [its proof] in court, my sentence would be harsher."  In addition, according to the petitioner, during his pleading proceeding, the prosecution was directed to disclose to him the evidence it possessed that established Riullano's guilt.  However, the prosecutor failed to do so.  Moreover, the prosecution never proved to Riullano, as he believes it was required to do, the amount of funds he obtained through his criminal conduct.  As a result of these prosecutorial failures, and

3

his counsel's urgings that he plead guilty, Riullano asserts that his conviction was obtained

unconstitutionally.

As noted above, Riullano also alleges that his counsel rendered ineffective assistance to

him.  Specifically, Riullano contends his counsel failed to comply with Riullano's request, that

counsel require the prosecution to show Riullano the evidence of his guilt that it had amassed.

Furthermore, according to Riullano, his counsel rendered ineffective assistance to him because

counsel informed him that he would ask the Second Circuit Court of Appeals to be released from

the obligation of serving as Riullano's appellate counsel, and would file an Anders[1] brief with

that court, unless Riullano withdrew his appeal.  Riullano maintains that his counsel's

determination, to file an Anders brief if he did not agree to withdraw his appeal, had the effect of

denying the petitioner his right to appeal from the judgment of conviction.  Riullano also alleges

that his counsel rendered ineffective assistance to him by refusing to aid him in preparing the

instant motion.  As Riullano recalls matters, in return for withdrawing his appeal, his counsel

pledged to provide him assistance in the future.  According to Riullano, the attorney refused to

assist him with this motion, when he contacted him from prison, because their attorney-client

relationship had terminated.

### III.  DISCUSSION

*Involuntary Guilty Plea*

In a case such as this, in which the petitioner is a pro se litigant, the Court must be

mindful that the petitioner's pleadings "[are to be] held 'to less stringent standards than formal

pleadings drafted by lawyers.'"  Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176

---

[1]See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

4

(1980)(quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 595 [1972]).  In keeping with

that admonition from the Supreme Court, the Court has read the <u>pro se</u> petitioner's motion

liberally and has interpreted it to raise the strongest arguments that it suggests.  <u>See</u> <u>Dibbs v.</u>

<u>Roldan</u>, 356 F. Supp. 2d 340, 348 (S.D.N.Y. 2005)(citations omitted).  In doing so, the Court has

construed the first ground, upon which Riullano relies in his quest for relief from his sentence:

that his guilty plea was unlawfully induced by his counsel, as an allegation that his plea of guilty

was not made voluntarily.

The voluntariness of a guilty plea is a matter that can and should be raised on direct

appeal.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998).  When a

claim that could have been raised on direct appeal was not, it is procedurally defaulted.  <u>See</u>

<u>DeFeo v. United States</u>, 153 F. Supp. 2d 453, 457 (S.D.N.Y. 2001).  A claim not raised on direct

appeal may not be raised on collateral review, through a motion such as the one Riullano has

made here, unless the petitioner can show cause for the default and prejudice attributable thereto

or actual innocence.  <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693

(2003); <u>Bousley</u>, 523 U.S. at 622, 118 S. Ct. at 1611.

The only explanation seemingly offered by Riullano for not challenging the voluntariness

of his guilty plea, on direct appeal, is that his attorney told him he would: (a) file an <u>Anders</u> brief

with the Second Circuit; (b) ask that court to permit him to withdraw as appellate counsel; and

(c) assist him further, in the future, if Riullano would withdraw his appeal.  In <u>Anders</u>, the

Supreme Court explained that, when court-appointed counsel, such as Riullano had at the time he

pleaded guilty and was sentenced, finds "after a conscientious examination" of the criminal case,

that an appeal would be "wholly frivolous" counsel "should so advise the court and request

permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court -- not counsel -- then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."  Anders, 386 U.S. at 744, 87 S. Ct. at 1400.

To the extent that the language used by Riullano in the instant motion suggests that his determination to withdraw his appeal was the result of a "threat" from his attorney to seek permission to withdraw as Riullano's appellate counsel and to file an Anders brief, the Court finds that Riullano may have misapprehended, as a "threat," the obligation his attorney had to the appellate court, based on Anders, when, as the record seems to suggest, counsel determined that no non-frivolous issues existed in the case for presentation to, and consideration by, the Second Circuit.  It appears from the record before the Court, including the affirmation Riullano submitted to the Second Circuit when he moved to withdraw his appeal, that Riullano's counsel determined that prosecuting an appeal on Riullano's behalf would be "wholly frivolous," advised him accordingly and, further, informed Riullano that unless his notice of appeal was withdrawn, counsel would be required to file the type of brief described in Anders and would, simultaneously, and consistent with Anders, ask to withdraw as Riullano's appointed counsel.

Riullano has not explained how, if at all, he was prejudiced by his counsel's decision to advise him that counsel would proceed in a manner consistent with the procedure outlined in

Anders.  Imparting that information to the petitioner in no way deprived Riullano of his right to

appeal, as he alleges.  Rather, it gave the petitioner the options of continuing to pursue his appeal

or reassessing the utility of appealing and, if warranted, withdrawing his appeal.  Riullano's

affirmation shows he elected the latter course of action.  For the reasons set forth above, the

Court finds that Riullano has not met the burden placed on him of showing cause for his default

and prejudice.  Moreover, since Riullano has not alleged that he is actually innocent of the crime

for which he was convicted, he may not collaterally attack his sentence based upon the allegation

that his plea of guilty was not made voluntarily.[2]

*Failure to Disclose Evidence*

The petitioner maintains that, at the time he tendered a plea of guilty, " the prosecution

was ordered to show evidence of not only the crime but also the amount of money in question."

According to Riullano, "to this date, I nor my ex-counsel . . . have seen either."  Thus, "[e]ven

the amount of my restitution is questionable."  As a consequence of the prosecution's failure to

---

[2]Riullano's claim, that his counsel promised to assist him "further if [he] would rescind [his] appeal" and, thereafter, refused to provide Riullano assistance with this motion, is curious. An attorney appointed to represent an indigent criminal defendant in a federal trial court is required to represent the criminal defendant at every stage of the proceedings from initial appearance before the court through appeal.  See 18 U.S.C. § 3006A(c).  Riullano acknowledged, during the pleading proceeding, that he understood that the obligation his court-appointed attorney had to represent him extended from any trial court proceedings through to any appeal proceedings.  Therefore, when, as Riullano recalls, sometime after his appeal was withdrawn, his counsel advised him that their attorney-client relationship had ended, his attorney was correct. The Court notes, however, that under the plan ("Plan") adopted by this court for furnishing criminal defendants representation under the Criminal Justice Act (18 U.S.C. § 3006A)("CJA"), when appointed counsel is asked by his or her client to file a post-sentence motion which counsel, in the exercise of his or her professional judgment deems frivolous, counsel is to inform the client of this and of the right to file the motion pro se.  Therefore, under the Plan, if counsel finds that the post-sentence motion is not frivolous, counsel may be under a continuing duty, as a result of accepting the CJA appointment in this court, to represent the client by preparing the motion.

follow the order allegedly issued by the court, Riullano contends he is entitled to the relief he seeks through the instant motion.

The Court's review of the transcript generated during the pleading proceeding persuades it that the petitioner misconstrued a question the presiding magistrate judge asked the prosecution, as a directive to show him all the evidence the prosecution had gathered to prove the charged crime.  During the pleading proceeding the magistrate judge asked the prosecutor "[W]hat would the government be prepared to prove if this matter were to proceed to trial?"  In response, the prosecutor indicated, in part, that the government would prove, beyond a reasonable doubt, using witness testimony and documents, that the petitioner was a landlord who participated with the Newburgh Housing Authority, via a contract, in a housing assistance program funded by the United States Housing and Urban Development Department, and that the petitioner obtained and kept rent payments, to which he was not entitled, that were made through that housing assistance program.  The record does not indicate, as the petitioner recalls, that the magistrate judge directed the prosecution to reveal to him all the evidence it possessed that established the petitioner's criminal culpability.

Furthermore, the record generated during Riullano's pleading proceeding does not support his allegation that the prosecution was directed "to show evidence of the" amount of the loss suffered as a result of the petitioner's misconduct.  The record generated during the pleading proceeding does establish that the loss amount was a contested issue.  However, the parties agreed that their dispute over the loss amount would be resolved by the assigned district judge at the sentencing proceeding, when the amount of restitution was fixed.  The pertinent portion of the pleading proceeding record follows.

THE COURT: Okay.
Mr. Lawrence [petitioner's counsel], your client has agreed to make restitution in
the amount of the loss. However, the amount of the loss is currently in dispute
and will be determined by the sentencing Court?
MR. LAWRENCE: Correct.
THE COURT: Do you understand that, Mr. Riullano?
THE DEFENDANT [RIULLANO]: Yes, I do.

Notwithstanding the fact that the pleading proceeding's record does not support the

petitioner's claim, that the prosecution failed to disclose evidence to him that it was ordered to

disclose, that claim could have been raised by the petitioner on direct appeal to the Second

Circuit; it was not. Therefore, the claim is procedurally defaulted. As discussed earlier, a

procedurally defaulted claim may not be entertained by the court, through a motion brought

pursuant to 28 U.S.C. § 2255, unless Riullano can show cause for the default and prejudice or

actual innocence; Riullano has failed to do either. Consequently, it would not be appropriate for

the court to grant him relief based on this ground of his motion.

*Ineffective Assistance of Counsel*[3]

The Sixth Amendment guarantees a criminal defendant the "right to effective assistance

of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). To

determine whether counsel's assistance was effective, the Supreme Court devised a two-part test.

First, a criminal defendant must show that his counsel's performance was deficient, that is, that it

fell below an "objective standard of reasonableness," measured according to "prevailing

professional norms." Id., at 687-88, 104 S. Ct. at 2064-65. Second, the criminal defendant must

affirmatively demonstrate prejudice. Id. at 694, 104 S. Ct. at 2068. Prejudice is rarely presumed,

---

[3]The respondent contends that the petitioner's claim, that he received ineffective
assistance from his counsel, could have been raised on direct appeal, but was not; therefore, the
claim was procedurally defaulted. The respondent is wrong. See Massaro, supra.

9

and so the defendant generally must prove that "there is a reasonable probability that but for counsel's [error], the result of the proceeding would have been different." Id.; see also United States v. Javino, 960 F.2d 1137, 1145 (2d Cir. 1992). A reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Considerable deference is accorded counsel's performance, as counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct. at 2066.

Riullano alleges that he received ineffective assistance from his counsel because that his attorney: (a) "induced" him, "unlawfully," to forego his right to a trial and to tender a plea of guilty; and (b) informed him that he would ask the Second Circuit Court of Appeals to relieve him of the obligation of continuing to represent the petitioner, and would file an Anders brief with that court on Riullano's behalf. In addition, as discussed earlier in this writing, the petitioner recalls that his attorney indicated that he would provide additional assistance to him if the petitioner agreed to "rescind" his appeal, but the attorney failed to do so. Riullano also suggests that his counsel rendered ineffective assistance to him by failing to require that the prosecution disclose to him the proof it had that Riullano was criminally culpable for converting federal assistance program funds to his own use.

*a. Pleading Advice*

The Sixth Amendment to the Constitution provides that every criminal defendant can require the prosecution to prove the defendant's guilt, beyond a reasonable doubt, to the satisfaction of a jury, at a public trial. Every criminal defendant may elect to waive the constitutional right to a public trial, at which the prosecution is put to its proof, and plead guilty,

as long as the court to whom the plea of guilty is tendered is satisfied that the defendant understands the nature of the charge(s) made against him or her, the rights surrendered upon tendering the plea of guilty and the consequences that flow from that guilty plea.  See Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969).

Here, Riullano and his counsel discussed his options.  Riullano's counsel impressed upon him that, if he were to proceed to trial, the evidence that the prosecution was prepared to present against him was overwhelming.  As a consequence, counsel advised Riullano that if he required the prosecution to present all its evidence at a trial and was found guilty, that quantum of evidence might persuade the sentencing court to impose a sentence that was harsher than the sentence Riullano might receive if he elected to plead guilty.

Riullano accepted his counsel's strategic advice to plead guilty and, thereby, avoided the risk that a harsher sentence might be imposed on him, post-trial, than the sentence that might be imposed on him following a plea of guilty.  The record before the Court indicates that, after pleading guilty, Riullano was sentenced, in accordance with United States Sentencing Commission Guidelines, to the lowest sentence for which he was eligible, based upon those guidelines.  Therefore, it appears that the strategic decision made by Riullano's attorney, to urge him to forego his constitutional right to a public trial at which the prosecution would have presented what has been characterized as "overwhelming" evidence of Riullano's guilt, worked to the petitioner's advantage.

Under Strickland, in order for Riullano to prevail on his claim that he received ineffective assistance from his counsel, he must demonstrate, as noted above, that his counsel's performance was deficient, that is, that it fell below, an "objective standard of reasonableness," measured

11

according to "prevailing professional norms."  <u>See</u> <u>Strickland</u>, 466 U.S. at 687-88, 104 S. Ct. at 2064-65.  Furthermore, Riullano must show prejudice, that is, that "there is a reasonable probability that but for counsel's [error], the result of the proceeding would have been different." <u>Id.</u>  Riullano has offered nothing that shows that the advice his counsel provided to him, *to wit*, that Riullano should forego his right to a public trial, at which the prosecution would be required to show him all the evidence it amassed against him, and plead guilty, in order to attempt to minimize the penalty that might be imposed upon him, was objectively unreasonable and not in keeping with prevailing professional norms.  Moreover, since counsel's strategic advice garnered Riullano a sentence that was at the lowest end of the range calculable under the applicable provisions of the United States Sentencing Commission Guidelines, Riullano has also failed to demonstrate that any probability exists that a better outcome would have been achieved, but for his counsel's "erroneous advice."  <u>See</u> <u>id.</u> at 687-96, 104 S. Ct. at 2064-69.

b. *<u>Anders</u> Brief/Right to Appeal*

The circumstances under which court-appointed criminal defense counsel may seek to withdraw from a case on appeal and to file an <u>Anders</u> brief have been outlined above and will not be repeated here.  Suffice it to say that, in the case at bar, counsel acted in accordance with the procedures the Supreme Court has indicated must be followed when, in an attorney's professional judgment, pressing forward with an appeal would be a "wholly frivolous" exercise because no non-frivolous issues exist that ought to be raised on appeal.  No error can be ascribed to Riullano's counsel for acting as he did or for urging Riullano to withdraw his appeal in the absence of any claim by Riullano that a non-frivolous issue(s) existed that should have been presented to the Second Circuit.  Moreover, it must be remembered that Riullano agreed with and

endorsed his counsel's actions, as is evidenced by the affirmation he submitted, under the penalty

of perjury, to the Second Circuit.  Accordingly, having advised the Second Circuit, through an

affirmation, that he wished to withdraw his appeal after discussing the matter fully with his

counsel, Riullano's assertion, that he was "denied" his right to appeal, is baseless.

*c.  Disclosure of Evidence*

The record before the Court does not indicate that the prosecution was ordered to disclose

loss amount evidence or any other evidence to Riullano.  As has been discussed above, the record

generated at the pleading proceeding shows that the magistrate judge who presided at that

proceeding asked for and received information about the means and methods the government

would use to prove the charge made against the petitioner.  The record also shows that Riullano's

counsel made the magistrate judge aware that he and his client did not agree with the amount of

money the prosecution claimed was converted by Riullano.  The record of the proceeding makes

clear that the parties' dispute over the loss amount was to be resolved by the sentencing judge,

who would reflect the loss amount in a restitution order made at the sentencing proceeding.  The

record does not indicate that the parties' dispute over the loss amount was to be resolved by a

disclosure, made by the prosecutor to the petitioner, of the government's evidence of the loss

amount.

At the sentencing proceeding, the district judge inquired of Riullano whether he had read

and discussed with his counsel the pre-sentence report prepared for the court by the United States

Probation Department.  Riullano responded that he had.

The report details, among other things, the evidence federal investigators uncovered and

analyzed, including, but not limited to, the petitioner's bank records, that established that he had

committed the charged crime.  The report also discusses how the loss amount, which would inform any order of restitution that the sentencing court might make, should be determined and, furthermore, why the loss amount alleged by the prosecution, at the time the petitioner pleaded guilty, was incorrectly large.  The sentencing judge asked Riullano's counsel whether, on behalf of Riullano, he believed any objections or corrections had to be made to the pre-sentence report.  Riullano's counsel indicated that none needed to be made.  Thereafter, the sentencing judge fixed $167,709 as the amount of restitution that Riullano had to make.  The Court finds that Riullano's claim, that the amount of restitution he is required to make is in doubt, due to some deficiency in the representation he received from his counsel, is undermined by the record before the Court.

Based on all of the above, the Court finds that Riullano has not satisfied the burden placed upon him by Strickland.  He has not demonstrated that his counsel's performance was deficient, that is, that it was not in consonance with prevailing professional norms, or that a reasonable probability exists that, but for an error(s) committed by his counsel, Riullano would have received a different sentence.

## IV.  RECOMMENDATION

For the reasons set forth above, the motion made by the petitioner, pursuant to 28 U.S.C. § 2255, should be denied.

## V.  FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard C. Casey, 500

14

Pearl Street, Room 1350, New York, New York, 10007, and to the chambers of the undersigned,

40 Foley Square, Room 540, New York, New York, 10007. Any requests for an extension of

time for filing objections must be directed to Judge Casey. FAILURE TO FILE OBJECTIONS

WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL

PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO

Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298,

300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v.

Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York           Respectfully submitted,
       October 26, 2006

                                     KEVIN NATHANIEL FOX
                                     UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Derrik A. Riullano
Steven D. Feldman, Esq.